UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JAMES O'CONNOR,

        Plaintiff,

                                    Case number 04-74717

v.                                        Honorable Julian Abele Cook, Jr.

COMMISSIONER OF SOCIAL SECURITY,

        Defendant.

## ORDER

This litigation involves a formal request, in the form of an appeal, by the Plaintiff, James O'Connor, to review an adverse final decision of the Defendant, Commissioner of Social Security, ("Commissioner"), which denied his application for disability insurance benefits. In a decision on April 24, 2004, an administrative law judge determined that O'Connor was able to perform a range of sedentary work assignments, and, in so doing, concluded that his request for disability insurance benefits should be denied. On October 27, 2004, the Appeals Council affirmed the administrative law judge's conclusions which, in turn, became the Commissioner's final decision. This lawsuit followed. Thereafter, O'Connor and the Commissioner filed motions for summary judgment pursuant to Fed.R.Civ.P. 56, with each party claiming that there are no genuine issues of a material fact to be resolved by the Court in this legal proceeding. On November 29, 2005, a magistrate judge of this Court, to whom these two dispositive motions had been submitted for his evaluation, produced a report in which he recommended, in essence, that this Court grant O'Connor's motion for summary judgment, and deny the Commissioner's application for

dispositive relief.

As a fundamental proposition, the findings of an administrative law judge are deemed to be conclusive only if they are supported by substantial evidence. 42 U.S.C. § 405(g) (1997). Thus, these "findings based on [the] credibility of the applicant are to be accorded great weight and deference," and should not be disturbed. *Walters v. Comm'r of Soc. Sec.,* 127 F.3d 525, 531 (6th Cir. 1997).

In his evaluation of the record, the magistrate judge opined that the administrative law judge, as a lay person to the field of medicine, had improperly (1) suggested that O'Connor should have taken the prescribed medications as a method of alleviating his level of discomfort and pain which had ostensibly prevented him from actively engaging in work activities, and (2) considered this applicant's credibility regarding his need to sleep. In addition, the magistrate judge relied upon 20 C.F.R. 404.1530 as a statutory basis for concluding that the administrative law judge had erred when he determined that O'Connor was not entitled to disability insurance benefits from the Social Security Administration because of his failure to follow the physician's prescribed course of medical treatment. The Court disagrees.

In assessing a claimant's credibility, the prevailing regulations require an administrative law judge to consider a range of factors, including (1) the claimant's daily activities; (2) the duration, frequency, and intensity of the pain and functional loss; (3) dosage, effectiveness, and side effects of medication; (4) precipitating and aggravating factors; and (5) functional restrictions. *See* 20 C.F.R. § 404.1529©. According to Social Security Ruling 85-59, an applicant's failure to follow prescribed medical treatment becomes an issue only when a determination has been made by an administrative law judge that the claimant has a disabling impairment. In reaching this decision,

the administrative law judge noted that O'Connor had neither taken any pain medication nor followed his physician's advice regarding the recommended usage of hand splints.  The administrative law judge also considered other relevant factors, such as O'Connor's daily activities, the objective medical evidence that had been placed into the record, as well as his physician's reports. According to the administrative law judge, O'Connor was not eligible to receive disability insurance benefits because he had engaged in a variety of activities, many of which were substantially at odds with his claims of disabling hand pain and dysfunction. Moreover, the administrative law judge concluded that none of the medical documents supported O'Connor's claim of debilitating functional limitations.  As a consequence, he found O'Connor's contention (i.e., that his medical maladies precluded him from working) to lack credibility. Prior to arriving at his final determinations, the administrative law judge had (1) examined the various medical documents, (2) considered the experts' evaluations, and (3) assessed the testimony by O'Connor during the hearing on March 26, 2004.

Thus, following its review of the record before the administrative law judge and the Appeals Council, the Court is satisfied that there is substantial evidence to support the rejection of O'Connor's application for disability insurance benefits. Hence, and for the reasons that have been stated above, this Court (1) rejects the recommendation of the magistrate judge, (2) grants the Commissioner's motion for summary judgment, and (3) denies O'Connor's dispositive application for relief under Fed. R. Civ. P. 56.

IT IS SO ORDERED.

Dated:      March 27, 2006                              s/ Julian Abele Cook, Jr.
            Detroit, Michigan                           JULIAN ABELE COOK, JR.

United States District Judge

Certificate of Service

I hereby certify that on March 27, 2006, I electronically filed the foregoing with the Clerk of the Court using the ECF system, and I further certify that I mailed a copy to the non-ECF participant(s).

s/ Kay Alford
Courtroom Deputy Clerk